# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**MATTHEW THOMPSON,**

**Plaintiff,**

-vs-                                                           **Case No.  6:06-cv-39-Orl-19JGG**

**GGR ROOFING, INC., DANNY GILILEO,**

**Defendants.**

---

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF SETTLEMENT AND TO DISMISS CASE WITH PREJUDICE (Doc. No. 30)** |
| **FILED:** | **November 27, 2006** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

    Plaintiff Matthew Thompson filed this action seeking to hold Defendants GGR Roofing, Inc. and Danny Gilileo liable for failing to pay him overtime wages in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216(b) ["FLSA"].  Docket No. 1 (complaint).  The parties have signed a written Settlement Agreement and General Release ("Settlement Agreement"), and jointly ask the Court to approve the settlement and dismiss the case with prejudice.  Docket No. 30.

## I.      THE LAW

### A.      Approval of Settlements

Congress enacted the FLSA to protect workers from low wages and long hours that can result from the inequality in bargaining power between employers and employees.  The FLSA, therefore, provides that "[a]ny employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be. . . ." 29 U.S.C. §216(b).  The FLSA's provisions are mandatory and, except in two narrow circumstances generally are not subject to bargaining, waiver, or modification by contract or settlement.  *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). The two circumstances in which FLSA claims may be compromised are claims that are 1.) supervised by the Secretary of Labor pursuant to 29 U.S.C. § 216(c) and 2.) when a court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b).  *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

Before the Court may approve the settlement, it must scrutinize the settlement to determine whether it is a fair and reasonable resolution of a bona fide dispute.  *Id.* at 1354-55.  If a settlement in an employee FLSA suit does reflect "a reasonable compromise over issues," such as FLSA coverage or computation of back wages that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id*. at 1354. Where a plaintiff is offered full compensation on his FLSA claim, no compromise is involved and judicial approval is not required.  *MacKenzie v. Kindred Hosp. East, L.L.C.*, 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003).

-2-

In determining whether the settlement is a fair and reasonable resolution, the Court adopts the factors used in approving the settlement of class actions:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). When considering these factors, the Court should keep in mind the "strong presumption" in favor of finding a settlement fair. *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir.1977). Moreover, the Court is aware, as the parties must also be, that a "settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution." *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 806 (3d Cir.1995), *citing Cotton*, 559 F.2d at 1330.

**B.    Awards of Reasonable Attorneys' Fees and Costs**

An award of "reasonable attorneys' fee[s] . . . and costs" is mandatory under § 216(b) if the employer is held liable. Although the court is obligated to award the attorneys' fees, Congress's use of the word "reasonable" confers discretion upon the court to determine the amount of fees to be awarded. In determining the reasonableness of attorneys' fees pursuant to a fee-shifting statute, the lodestar generally is recognized as a reasonable fee. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992).[1] The party seeking attorneys' fees bears the initial burden of submitting adequate documentation of the hours reasonably expended and of the attorney's qualifications and skill. *See*

---

[1] The lodestar is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. A reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir.1988).

*Hensley v. Eckerhart*, 461 U.S. 424, 433, 437 (1983).  Satisfactory evidence of the prevailing market rate "at a minimum is more than the affidavit of the attorney performing the work," and must address rates actually billed and paid in similar lawsuits.  *Norman v. Housing Auth. of City of Montgomery,* 836 F.2d 1292, 1299 (11th Cir. 1988).

In collective FLSA actions, the court has a duty to determine the reasonableness of the proposed attorneys' fees as part of the fairness determination.  *See, e.g., Strong v. BellSouth Telecomms., Inc.*, 137 F.3d 844, 849-50 (5th Cir. 1998).  This makes sense, as most settlements of collective actions involve a lump sum settlement with an amount to be deducted for attorneys' fees. In such cases, it is necessary for the court to evaluate the overall fairness of the settlement and the benefit to the plaintiffs.

The FLSA does not require the court to assess the fairness of an agreed payment of attorneys' fees in settling an individual action.  Indeed, the purpose of the fairness review is to ensure that an employer does not take advantage of an employee in settling his claim for wages, and not to ensure that the employee does not overcharge the employer.  *See Lynn's Food Stores*, 679 F.2d at 1354.  In an individual FLSA claim, where separate amounts are set forth for the payments of unpaid wages and payments for attorneys fees, the Court has greater flexibility in exercising its discretion in determining the reasonableness of the attorneys' fee.

The award of costs is made in accordance with 28 U.S.C. § 1920.  *Goss v. Killian Oaks House of Learning*, 248 F. Supp. 2d 1162, 1169 (S.D. Fla. 2003).  In an FLSA action, it is error for a district court to award costs in excess of those permitted by § 1920.  *Glenn v. Gen. Motors Corp.*, 841 F.2d 1567 (11th Cir. 1988) (district court erred in awarding expert witness fees under § 216(b) that exceeded the amount allowed by § 1920).  Likewise, a district court must identify reasons for denying

costs to a prevailing party so that the appellate court has some basis to review whether the district court acted within its discretionary power. *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995).

## II.   APPLICATION

Plaintiff alleged that Defendants did not pay him overtime wages for his work as a superintendent.  Docket No. 1 at 2, ¶¶ 4, 5.  In their answer, Defendants denied these allegations, and asserted a number of affirmative defenses, including the defense that Plaintiff was an independent contractor and that Plaintiff "met the requirements for exemption from the provisions of the [FLSA]." Docket No. 11 at 2.  This action involves a bona fide dispute as to liability and the amount owed.

The parties have agreed to settle this case.  Under the terms of the Settlement Agreement, Defendant has agreed to pay a total settlement amount of $17,500 in two separate allocations: 1.) $7,500 to Plaintiff as back wages, and 2.)$10,000 to the Pantas Law Firm, P.A. (the law firm of counsel for Plaintiff) as attorney's fees and costs.  Docket No. 30-2 at 1, ¶ 3.  In terms of fairness of the settlement, each party was independently represented by counsel.  Counsel were obligated to vigorously represent their clients' rights.  Based on the amount to be paid to Plaintiff and Plaintiff's counsel, there is no suggestion of collusion.  Further, given the mandatory award of reasonable attorneys' fees pursuant to 29 U.S.C. § 216(b), early resolution of FLSA claims are encouraged and extensive discovery typically is unnecessary.  The Court finds that settlement of the action in favor of certainty was fair and reasonable.

The amount to be paid to Plaintiff's counsel as attorney's fees and costs appears high, particularly in light of the early settlement.  However, comparing the amount of the Plaintiff's recovery to amount of fees and costs to be paid, the Court does not find that the amount is grossly excessive.  *See, e.g., Goss*, 248 F. Supp. 2d at 1169 (denying attorney's fees of more than $16,000

when plaintiff recovered $316 in back wages).  Furthermore, both parties urge this Court to approve

the Settlement Agreement, and state that "Plaintiff represents and Defendant agrees that the fees and

costs reflected in the Settlement Agreement are reasonable."  Docket No. 30 at 2, ¶ 5.  The Court,

therefore, finds it unnecessary to inquire into the reasonableness of the hourly rate charged by

Plaintiff's counsel, and accepts the parties' stipulation as to the reasonableness of the attorney's  fees

and costs.

Therefore it is

**RECOMMENDED** that:

1.) The Joint Motion for Approval of Proposed Settlement and to Dismiss Case with

Prejudice [Docket No. 30] be **GRANTED**;

2.) The Settlement Agreement [Docket No. 30-2] be approved;

3.) The case be dismissed with prejudice; and

4.) The Clerk be directed to close the case.

Failure to file written objections to the proposed findings and recommendations contained in

this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking

the factual findings on appeal.

Recommended in Orlando, Florida on December 8, 2006.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

-6-

Copies furnished to:

The Honorable Patricia C. Fawsett, Chief Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy